## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BATH IRON WORKS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONGOLEUM CORPORATION, )<br>)<br>)<br>Defendant. ) | Docket no. 2:18-cv-00405-GZS |

**ORDER ON MOTION TO DISMISS OR TRANSFER**

Before the Court is Defendant Congoleum Corporation's Motion to Dismiss or Transfer (ECF No. 11) filed pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1404(a). For the reasons explained below, the Court GRANTS the Motion to the extent it seeks transfer and DENIES AS MOOT the portion of the Motion requesting dismissal.

### I.    LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." This statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). In the exercise of that discretion, courts in the First Circuit consider not only "the convenience of parties and witnesses," but also "the availability of documents; the possibility of consolidation; and the order in which the district court obtained

jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (citing Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)).

"The burden of proof rests with the party seeking transfer" and, ordinarily, "there is a strong presumption in favor of the plaintiff's choice of forum." Id. However, under the First Circuit's "first-filed" rule, "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp., 814 F.2d at 11. "[W]here the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) (internal citation omitted). The first-filed rule exists to reduce "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." Id.

## II.   FACTUAL BACKGROUND

Plaintiff Bath Iron Works Corporation ("BIW") is a shipbuilding business incorporated under the laws of Maine with its principal place of business in Bath, Maine. Defendant Congoleum Corporation ("Congoleum") is a manufacturer and seller of flooring products incorporated under the laws of Delaware with its principal place of business in Mercerville, New Jersey.

On June 12, 2017, two non-parties to the instant lawsuit, DVL, Inc. and DVL Kearny Holdings, LLC (collectively, "DVL"), sued Congoleum in the District of New Jersey. See DVL, Inc. v. Congoleum Corp., No. 2:17-cv-04261-KM-JBC (D.N.J.) (hereinafter, "the DVL litigation"). There, DVL initially sought damages related to Congoleum or its predecessors' alleged environmental contamination of a property at 160-194 Passaic Avenue in Kearny, New

Jersey (the "DVL parcel"), which DVL had come to own. More specifically, DVL alleged that Congoleum or its predecessors owned the DVL parcel from the late 1880s to at least 1959 and, in the course of manufacturing and testing flooring products on that parcel, contaminated it with hazardous chemicals. On October 6, 2017, Congoleum filed a third-party complaint against BIW requesting a declaratory judgment that, due to a series of historical corporate transactions, BIW is the real party-in-interest regarding the alleged contamination of the DVL parcel. On October 26, 2017, DVL amended its complaint to include BIW as a direct defendant.

On June 30, 2018, another non-party to this suit, Occidental Chemical Corporation ("Oxychem"), sued BIW and numerous other defendants in the District of New Jersey. See Occidental Chemical Corp. v. 21st Century Fox America, Inc., No. 2:18-cv-11273-MCA-JAD (D.N.J.) (hereinafter, "the Occidental litigation").[1] This suit seeks cost recovery and contribution under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 & 9613, for the cleanup of the Lower Passaic River ("the River"). As relevant here, Oxychem alleges that from the late 1880s to the mid-1970s, BIW or its predecessor operated a flooring business on a property at 195 Belgrove Drive in Kearny, New Jersey (the "Kearny parcel"), through which it discharged hazardous chemicals into the River. It is undisputed for purposes of this Motion that the DVL parcel was part of the Kearny parcel until about 1959. (See Def. Mot., PageID #s 25-26 n.2; Pl. Resp. (ECF No. 13), PageID # 193.)

BIW filed the instant suit on October 1, 2018. In its Complaint, BIW alleges that Congoleum signed a Merger Agreement on July 1, 1986, in which Congoleum "took the assets and liabilities related to the resilient flooring operations and agreed to defend, indemnify and hold

---

[1] In considering the pending Motion, the Court has reviewed the dockets in both the DVL litigation and the Occidental litigation. See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand").

3

BIW harmless against any loss or claim arising out of or related to those operations."[2] (Compl. (ECF No. 1), PageID # 5.) BIW also alleges that it requested defense and indemnification from Congoleum in the Occidental litigation, which Congoleum refused. Based on that refusal, BIW now claims that Congoleum breached the Merger Agreement and a duty of good faith and fair dealing (Counts I and II); and seeks a declaratory judgment that Congoleum is obligated under the Merger Agreement to defend and indemnify BIW in the Occidental litigation.

On October 8, 2018, just a week after filing the instant action, BIW filed crossclaims against Congoleum based on the Merger Agreement in the DVL litigation. There, as here, BIW alleges that Congoleum refused to defend or indemnify BIW; claims that such refusal breached the Merger Agreement and a duty of good faith and fair dealing; and seeks a judgment declaring that Congoleum is obligated under the Merger Agreement to defend and indemnify it in that matter. (See BIW Ans. (DVL ECF No. 69), PageID #s 1408, 1414-1415, 1423.)

### III.   DISCUSSION

In its Motion to Dismiss or Transfer, Congoleum primarily argues that the First Circuit's first-filed rule necessitates transfer to the District of New Jersey. It also contends, in the alternative, that the relevant § 1404(a) factors heavily favor transfer.

#### A. Jurisdiction in the Transferee District

"A preliminary question" in resolving a motion to transfer venue "is whether the lawsuit could have been brought in the proposed transferee district." Canales v. Univ. of Phoenix, Inc., No. 2:11-cv-00181-JAW, 2012 WL 2499019, at *3 (D. Me. June 27, 2012). Here, the Court concludes that BIW could have filed this case in the District of New Jersey, Congoleum's principal

---

[2] BIW notes in the Complaint that the relevant Merger Agreement is "attached as Ex. A." (Compl. (ECF No. 1), PageID # 5.) However, BIW did not attach such a document. That said, BIW quotes what it appears to consider the relevant language of the Merger Agreement on page five of the Complaint. (See id.)

4

place of business. See 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides"); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . where it has its principal place of business").

### B. Transfer Factors

Having found that jurisdiction exists in the District of New Jersey, the Court proceeds to assess whether transfer to that District is warranted. See Canales, 2012 WL 2499019, at *3.

#### i. Order in which the District Court Obtained Jurisdiction

First, the order in which the District Court obtained jurisdiction supports transfer. It is undisputed that DVL initiated the DVL litigation in the District of New Jersey more than a year before BIW filed this case. The two actions are not "identical," Cianbro Corp., 814 F.2d at 11, but concurrent federal cases need not be exactly the same to generate a preference for the first-filed action. See TPM Holdings, Inc., 91 F.3d at 4; Cruz-Acevedo v. Unilever United States, Inc., Civil No. 15-2175 (ADC), 2016 WL 9460633, at *3 (D.P.R. Sept. 26, 2016) (collecting cases in which district courts in the First Circuit have "grant[ed] venue transfers in relation to similar, but not identical, actions"). Here, where the "extent of overlap" between the two cases implicates concerns that the first-filed rule seeks to address, including the possibility of conflicting judgments, the fact that this Court obtained jurisdiction second favors transfer to the District of New Jersey. TPM Holdings, Inc., 91 F.3d at 4.

There is significant overlap between this case and the DVL litigation. Indeed, BIW's breach of contract and declaratory judgment claims in both actions require the deciding court to interpret the Merger Agreement, in the context of the same set of historical corporate transactions,[3]

---

[3] Congoleum asserts in its Reply that if the Court declines to transfer this case, Congoleum will raise a counterclaim that mirrors its crossclaim in the DVL litigation. That crossclaim, as noted above, contends that BIW is the correct party-in-interest regarding past flooring operations on the DVL parcel due to a series of corporate transactions.

to determine which party is liable for the effects of resilient flooring operations conducted on the DVL parcel. "This overlap raises concerns about the 'ills' of duplicative litigation." Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Corp., Ltd., 186 F. Supp. 3d 22, 25 (D. Mass. 2016) (internal citation omitted). First, if the Court permits these cases to proceed separately, the parties and courts would have to "waste" resources resolving the same contract issues in two different forums. TPM Holdings, Inc., 91 F.3d at 4; see Aguakem Caribe, Inc. v. Kemiron Atl., Inc., 218 F. Supp. 2d 199, 203 (D.P.R. 2002) (transferring case in part due to similarity of contract claims). Second, because the contract claims in the two actions are so factually intertwined, they raise the specter of "conflicting judgments." TPM Holdings, Inc., 91 F.3d at 4; see Lang Nats., Inc. v. Biscuits Leclerc Ltee., C.A. No. 09-026 ML, 2009 WL 1917060, at *3 (D.R.I. June 30, 2009) (transferring case in part due to risk of inconsistent results). As a result of these two "[o]bvious concerns," this factor strongly favors transfer. TPM Holdings, Inc., 91 F.3d at 4.

### ii.     Other § 1404(a) Factors

The other § 1404(a) factors include the possibility of consolidation, the interest of justice, the convenience of the parties and witnesses, and the availability of documents. 28 U.S.C. § 1404(a). Initially, the Court discerns no reason why the claims in this case could not be consolidated with the first-filed DVL litigation upon transfer. Such a possibility weighs in favor of the District of New Jersey. See Home Prods. Int'l-N. Am. v. PeopleSoft USA, Inc., 201 F.R.D. 42, 49-50 (D. Mass. 2001) (transferring case in part due to possibility of consolidation in the alternative district). The interest of justice factor also supports transfer. Not only does New Jersey have a greater interest in resolving these claims since the alleged environmental contamination for which the parties contest liability occurred in that state, but transfer would also facilitate judicial efficiency by preserving court resources. See Mercado-Salinas v. Bart Enters. Int'l, Ltd., 669 F.

6

Supp. 2d 176, 189-190 (D.P.R. 2009) (considering alternative forum's interest in the outcome of the litigation as part of interest of justice factor and granting transfer in part due to alternative forum's interest); Banjo Buddies, Inc. v. Renosky, 156 F. Supp. 2d 22, 24 (D. Me. 2001) (internal citations and quotations omitted) (explaining that "[t]he interest of justice includes a variety of public interest factors relating to the efficient administration of the court system, such as the interests of conserving judicial resources . . . [and] avoiding court congestion").[4] Lastly, neither the convenience of the parties and witnesses nor the location of the documents favor one forum over the other.[5]

On balance, the relevant § 1404(a) factors in this case "predominate" in favor of transfer to the District of New Jersey. Aguakem Caribe, Inc., 218 F. Supp. 2d at 203. Thus, the Court concludes that Congoleum has met its burden to show that transfer to that District is warranted.[6]

## IV.   CONCLUSION

For these reasons, Congoleum's Motion (ECF No. 11) is hereby GRANTED IN PART AND DENIED IN PART. In accordance with this ruling, the Clerk shall transfer this case to the

---

[4] BIW is correct in pointing out that the relative time-to-disposition is relevant to the interest of justice factor. See Enercon v. Flextronics Int'l USA, Inc., No. 2:18-cv-00258-GZS, 2018 WL 6729774, at *4 (D. Me. Dec. 21, 2018) (declining to transfer in part because the Court was unconvinced that transfer would facilitate a quicker adjudication on the merits). However, even accepting, *arguendo*, BIW's contention that the claims at issue here would take longer to resolve as part of the DVL litigation, that alone would not outweigh the other interest of justice components that support transfer. BIW also argues that the District of New Jersey's docket congestion weighs against transfer because there are five judicial vacancies in that District. Although relative docket congestion is relevant to the interest of justice factor, the First Circuit has made clear that the number of vacancies in a district is not an appropriate consideration in evaluating such congestion. Coady, 223 F.3d at 11. In short, BIW's representations regarding relative time-to-disposition and docket congestion do not change the Court's assessment that the interest of justice factor favors transfer.

[5] Congoleum concedes that the locations of the documents and witnesses are "neutral," (Def. Mot., PageID # 37), but contends that the ongoing and advanced nature of the DVL litigation moves the convenience of the parties factor toward transfer. However, the Court acknowledges the possibility that transfer and consolidation may delay the ultimate resolution of the claims in this case. See Ashmore v. Ne. Petroleum Div. of Cargill, Inc., 925 F. Supp. 36, 39 (D. Me. 1995) (internal citations and quotations omitted) (noting that "[a] prompt trial is not without relevance to the convenience of parties"). This offsets any movement toward transfer on the convenience of the parties factor.

[6] To the extent the parties each request oral argument, those requests are DENIED in the exercise of the Court's discretion pursuant to District of Maine Local Rule 7(e).

District of New Jersey.  The Court also DENIES AS MOOT the portion of Congoleum's Motion that seeks dismissal.

    SO ORDERED.

                                      /s/ George Z. Singal            
                                      United States District Judge

Dated this 14th day of May, 2019.